# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.B. | CIVIL ACTION |
| VERSUS | NO. 24-2384 |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY | SECTION: "J" (3) |

## REPORT AND RECOMMENDATION

Plaintiff timely filed this action for judicial review[1] after the Social Security Administration (the "Administration") issued a final denial of her claim for disability insurance benefits under Title II of the Social Security Act (the "SSA"), 42 U.S.C. §§ 416(i) and 423, *et seq.*[2] Plaintiff asks the Court to reverse the Administrative Law Judge's ("ALJ") holding that Plaintiff is not entitled to the benefits she seeks and remand this matter for further administrative proceedings.[3] The Administration, via Commissioner Frank Bisignano,[4] urges the Court to affirm the denial of benefits and dismiss this case.[5] Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this matter was referred to the undersigned United States Magistrate Judge. Having carefully

---

[1] *See* 42 U.S.C. § 405(g).
[2] R. Doc. 15.
[3] *Id.* at 9.
[4] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).
[5] R. Doc. 16 at 12.

considered the parties' briefing and the administrative record[6] in the light of the applicable law, it is recommended that Plaintiff's appeal be denied.

## I.   Background

Plaintiff is a 52-year-old female.[7] She has a college degree and work experience as a registered nurse.[8] Plaintiff applied for disability insurance benefits on June 12, 2023.[9] In her application documents, Plaintiff represented that she suffered from arthritis, plantar fasciitis, bipolar, depression, ADHD, anxiety, and PTSD, and was rendered disabled by these conditions on April 5, 2021.[10] After the Administration denied her application and request for reconsideration,[11] a hearing to review the claim was held at Plaintiff's request.[12] The ALJ issued a decision on May 16, 2024, holding that Plaintiff was not disabled within the definition of the SSA[13] between April 5, 2021, the amended alleged onset date, through September 30, 2022, the date last insured.[14]

The ALJ conducted the five-step sequential analysis required by 20 C.F.R. § 404.1520 to consider a claimant's assertion of disability. As the Fifth Circuit has explained:

---

[6] R. Doc. 9.
[7] *Id.* at 69.
[8] *Id.* at 47.
[9] *Id.* at 203.
[10] *Id.* at 289, 342. Plaintiff amended her alleged onset date from July 31, 2017, to April 5, 2021. *Id.*
[11] *Id.* at 91, 103.
[12] *Id.* at 17–28.
[13] *See* 42 U.S.C. §§ 416(i), 423(d).
[14] R. Doc. 9 at 27–28.

> The five steps consider: (1) Is the claimant "doing substantial gainful activity"? (2) If not, does the claimant "have a severe medically determinable physical or mental impairment" of sufficient duration? (3) If so, does her impairment(s) meet or equal a listing in Appendix 1 of the applicable regulations? (4) If not, considering the claimant's "residual functional capacity," can the claimant still do her "past relevant work"? (5) If not, can the claimant adjust to other work given her residual functional capacity, age, education, and work experience?

*Vasquez v. O'Malley*, 2024 WL 4381269, at *1 (5th Cir. Oct. 3, 2024) (quoting 20 C.F.R. § 416.920). At steps one through four, the burden of proof is on the claimant to show she is disabled. *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001). If the claimant can carry this burden through step three or four, she has established disability and the inquiry is over. *Id.* Otherwise, the burden shifts to the Commissioner at step five to prove the claimant nonetheless retains sufficient functional capacity to adjust to other employment. *Id.*

The ALJ found that Plaintiff satisfied steps one and two. First, Plaintiff had not engaged in substantial gainful activity since the alleged onset date of her disability.[15] Second, the ALJ found that Plaintiff suffered from severe impairments including "anxiety disorder, bipolar disorder, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and substance use disorder (20 CFR 404.1520(c))."[16] The ALJ determined that Plaintiff did not satisfy step three, however, because none of these impairments or any combination thereof met or equaled an impairment listed in Appendix One.[17] At step four, the ALJ found that Plaintiff had

---

[15] *Id.* at 20.
[16] *Id.*
[17] *Id.* at 20–21.

the residual functional capacity to perform a full range of work with limitations[18] and was therefore capable of adjusting to other work that existed in significant numbers in the national economy.[19] Therefore, the ALJ found that Plaintiff was not disabled from April 5, 2021, the amended alleged onset date, through September 30, 2022, the date last insured.[20]

Plaintiff asserts that the ALJ erred at step three by failing to conduct an analysis of whether Plaintiff medically equaled Listings 12.04, 12.06, 12.08, 12.11, or 12.15.[21]

## II. Standard of Review

This Court's review of a denial of social security benefits "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This must constitute "more than a mere scintilla" of evidence but may be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its]

---

[18] *Id.* at 22.
[19] *Id.* at 26.
[20] *Id.* at 27.
[21] R. Doc. 15 at 1–2.

judgment . . . even if [the Court concludes that] the evidence preponderates against" the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings to support" the denial of benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson*, 864 F.2d at 343-44). If supported by substantial evidence, the ALJ's determination is conclusive and must be affirmed. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)).

### III. Analysis

#### A. Plaintiff has not shown that the ALJ erred at Step Three.

At Step Three, claimants must show that they meet or equal a listing. Plaintiff does not dispute the ALJ's conclusion that she does not meet any listing. Plaintiff attacks only the ALJ's analysis as to whether she medically equals a listing.

If claimants cannot show they "meet" all the criteria in the listing, they may still seek to prove that they "medically equal[]" a listing, rendering them disabled. *Bliss v. Colvin*, No. 6:14-CV-016-C, 2015 WL 3507892, at *3 (N.D. Tex. June 2, 2015) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).

> Medical equivalence is not a means by which a claimant may be found disabled simply by getting close to meeting a Listing; meeting 5 out of 6 criteria does not suddenly become good enough to find a claimant disabled. When a claimant fails to meet all the criteria of a Listing, that gap cannot just be ignored. Instead, the claimant must point to something to fill that gap, whether it is some other finding of equal medical significance, *see* 20 C.F.R. § 404.1526(b)(1)(ii), or a combination of impairments, *see* 20 C.F.R. § 404.1526(b)(3).

*Cueller v. Astrue,* No. 10-C-619, 2011 WL 1743841, at *5 (E.D. Wis. May 5, 2011). On appeal, Plaintiff does not cite or discuss any evidence that would support a finding of

medical equivalence. Instead, she relies on an allegation that the ALJ provided an insufficient explanation at step three. This argument is unavailing.

> **1. Plaintiff has identified no evidence contrary to the ALJ's conclusion that the "B criteria" findings did not medically equal a listing under 20 C.F.R. § 404.1526(b)(1)(B).**

Plaintiff relies on 20 C.F.R. § 404.1526(b)(1)(B) to show medical equivalence.[22] That provision instructs that the SSA may find medical equivalence when a claimant "exhibit[s] all of the findings [of a particular listing from appendix 1], but one or more of the findings is not as severe as specified in the particular listing."

The ALJ identified the following listings in Appendix 1 as potential medical equivalents: depressive, bipolar and related disorders (12.04); anxiety and obsessive-compulsive disorders (12.06); personality and impulse-control disorders (12.08); neurodevelopmental disorders (12.11); and trauma- and stressor-related disorders (12.15).[23] In conjunction with a full analysis of the record, the ALJ concluded that "[t]he severity of the claimant's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, 12.11, and 12.15."[24]

With regards to the "paragraph B" criteria for listings 12.04, 12.06, 12.08 and 12.11,[25] the ALJ found that Plaintiff exhibited only "moderate" limitations in all four

---

[22] R. Doc. 15 at 4. Plaintiff's argument centered on § 404.1526(b)(1)(B). Plaintiff did not present any argument as to § 404.1526(b)(3), but any such argument would not change the analysis.
[23] R. Doc. 9 at 20; 20 C.F.R. § Pt. 404, Subpt. P, App. 1., § 12.00.
[24] R. Doc. 9 at 20.
[25] For Listings 12.04, 12.06, and 12.15, if a claimant does not satisfy "paragraph B" criteria, she may alternatively qualify for medical equivalency through satisfaction

mental functioning areas.[26] First, the ALJ determined that Plaintiff had only a "moderate"[27] limitation in understanding, remembering, and applying information.[28] The ALJ referenced a January 31, 2022 treatment note that stated Plaintiff was able remember three words immediately after learning them and also after a delay of five minutes, to perform simple arithmetic, and correctly answer general fund of information questions.[29] The psychiatric evaluation appeared to be in connection with Plaintiff's history of anxiety, depression, bipolar disorder and ADHD.[30] The ALJ also relied on a 2022 evaluation that Plaintiff's memory was intact in a visit that addressed Plaintiff's complaints of anxiety, trauma, ADHD and mania.[31]

Next, the ALJ found that Plaintiff had a "moderate" limitation in interacting with others.[32] The ALJ evaluated Plaintiff's report that she did not feel comfortable around other people or crowds[33] as well as her testimony that she felt anxious around

---

of "paragraph C" criteria. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §12.00(A)(2). Plaintiff does not maintain that she qualified for medical equivalency through "paragraph C" criteria, and the record shows that she did not meet those criteria.

[26] R. Doc. 9 at 20–21; *see* 20 C.F.R. § 404.1526(b)(1); *see* DI 24583.010 Determining Medical Equivalence for Mental Impairments, SSA POMS DI 24583.010 ("In many cases involving multiple mental impairments, it is not possible to identify which mental impairment causes the functional limitations that satisfy the paragraph B criteria.").

[27] Plaintiff has "moderate" functioning if her functioning in an area independently, appropriately, effectively, and on a sustained basis is fair. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00(F)(2).

[28] R. Doc. 9 at 20.

[29] *Id.* (citing R. Doc. 9 at 410).

[30] *Id.* at 401–405.

[31] *Id.* at 20 (citing R. Doc. 9 at 513–14).

[32] *Id.*

[33] *Id.* (citing R. Doc. 9 at 401).

7

other people, had anger outbursts, and had gotten into fights.[34] The ALJ also considered a 2021 treatment note regarding Plaintiff's anxiety, depression, daily functioning, ADHD, drug use and mania that stated that Plaintiff presented as calm, cooperative, happy, and appeared friendly.[35]

The ALJ also found a "moderate" limitation functioning in the area of concentrating, persisting or maintain pace.[36] The ALJ discussed a treatment note reporting that Plaintiff was able to sufficiently spell the word "world" backwards,[37] two notes reporting that Plaintiff had no attention difficulties,[38] as well as Plaintiff's report that she did not have any inattentiveness, or disorganization.[39] The ALJ also considered the Plaintiff's report that she had a short attention span, could not keep focused, and had difficulty paying attention and staying on task.[40] The evaluations were relative to Plaintiff's anxiety, depression, bipolar disorder, ADHD, mania, and Plaintiff's history of substance abuse, trauma, and assaulting others.[41]

Finally, the ALJ concluded that Plaintiff had a moderate limitation for adapting or managing oneself.[42] The ALJ considered two separate medical notes

---

[34] *Id.* at 404, 453, 455.
[35] *Id.* at 21 (citing R. Doc. 9 at 415); *id.* at 414.
[36] *Id.* at 20–21.
[37] *Id.* at 21, 410.
[38] *Id.* at 21, 480, 496.
[39] *Id.* (citing R. Doc. 9 at 414). The ALJ's summary of Plaintiff's report is not fully supported by the record. Plaintiff reported that she had "[i]mprovement in symptoms of inattention [] at work and at home" and denied "problems in daily functioning and is able to go to work." *Id.* at 414. The discrepancy does not affect the Court's overall conclusion that the ALJ's decision was supported by substantial evidence.
[40] *Id.* (citing R. Doc. 9 at 402).
[41] *Id.* at 401–405, 411, 475–77, 490–92.
[42] *Id.* at 21.

reporting that Plaintiff's judgement and insight were fair[43] and a treatment note that Plaintiff was well groomed.[44] Additionally, the ALJ discussed Plaintiff's report that she could dress and bathe herself, perform household chores, cook for herself, complete errands, and shop.[45] The treatment notes were relative to Plaintiff's depression, anxiety, bipolar disorder, ADHD, PTSD, substance abuse, and history of assaulting others.[46]

After finding that Plaintiff had only "moderate" limitations, rather than the requisite "extreme" or "marked" limitations for medical equivalency, the ALJ properly concluded that Plaintiff did not satisfy "paragraph B" criteria.[47] Plaintiff does not challenge this finding.

The ALJ further concluded that Plaintiff also did not demonstrate medical equivalency.[48] In doing so, she noted that this step-3 conclusion is distinct from the step-4 residual functional capacity assessment.[49] The ALJ clarified, however, that the step-4 residual functional capacity assessment provided a "more detailed assessment of the areas of functioning" and "reflects the degree of limitation the undersigned has found in the [step-3] "paragraph B" mental function analysis."[50] The step-4 analysis relative to residual functioning makes clear that the ALJ fully considered the

---

[43] *Id.* at 21, 480, 496.
[44] *Id.* at 21, 410.
[45] *Id.* at 21 (citing R. Doc. 9 at 405).
[46] *Id.* at 401–05, 411.
[47] *Id.* at 21; *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 1.
[48] R. Doc. 9 at 21.
[49] *Id.*
[50] *Id.*

9

cumulative effects of Plaintiff's limitations when assessing whether they were medically equivalent to a listing.[51]

Plaintiff disagrees with the ALJ's conclusion, but she does not point to evidence to support her disagreement. Plaintiff notes that the ALJ assessed "moderate global delays in all 4 of the B criteria of FIVE separate Listings."[52] Plaintiff then poses the rhetorical question: "If a claimant would meet ONE listing based on a single diagnosis which resulted in marked limitations in 2 of the B criteria but none in the others, then why wouldn't [Plaintiff] equal the Listing(s) with five diagnoses implicating FIVE listings with moderate global impairments?"[53] There is no algebraic recitation, however, by which an ALJ must conclude that a certain number of moderate impairments is the medical equivalent of a marked impairment. And, as explained above, the ALJ provided a thorough and substantive explanation for the conclusion that Plaintiff's impairment did not medically equal a listing under § 404.1526(b)(1)(B).

### 2. The ALJ provided an adequate explanation for the conclusion that Plaintiff did not medically equal a listing.

Plaintiff argues that the ALJ's explanation was inadequate under *Audler v. Astrue,* 501 F.3d 446, 448 (5th Cir. 2007). By the express terms of 42 U.S.C. §405(b)(1), the ALJ is required to discuss the evidence in support of Plaintiff's claim for disability and to explain why she found that Plaintiff was not disabled at that

---

[51] *See id.* at 22–26–.
[52] R. Doc. 15 at 4.
[53] *Id.* at 4.

step. 42 U.S.C. §405(b)(1). In *Audler,* 501 F.3d at 448, the Fifth Circuit concluded that an ALJ's step-3 explanation was insufficient. But there, the ALJ did not identify the listed impairment(s) at issue. Here, the ALJ identified and discussed the listings at issue (12.04, 12.06, 12.08, 12.11, and 12.15).[54] And in *Audler*, the ALJ did not explain why the claimant's symptoms were insufficiently severe to meet a listed impairment. *See* 501 F.3d at 448. Here, the ALJ provided an explanation relative to the conclusion that the Plaintiff did not meet or equal a listing. In short, *Audler* involved an instance in which an ALJ "offered nothing to support her conclusion at this step" such that she failed to meet the statutory requirement to provide an explanation. *Id.* The ALJ's explanation in this case was detailed and in-line with the explanations held sufficient in other cases. *See Belk v. Colvin*, 648 F. App'x 452, 454 (5th Cir. 2016); *Russo v. Saul*, 805 F. App'x 269, 273–74 (5th Cir. 2020).

"The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error." *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012). The Fifth Circuit reaffirmed this principle in *Audler*: "Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless." *Audler*, 501 F.3d at 448. Thus, even if a claimant establishes that an ALJ's explanation is deficient, the claimant still bears the burden of demonstrating that the error affected her substantial rights. *See id.*

---

[54] *See, e.g.,* R. Doc. 9 at 20.

Unlike in *Audler*, Plaintiff has not described the evidence that purportedly supports a finding that she meets or medically equals a listing. *See id.* at 448 (citing evidence and concluding that the plaintiff appeared to have met her burden). The closest that Plaintiff comes is two paragraphs in her statement of facts. The first paragraph states that Plaintiff has a well-documented "history of social aversion"; "isolates herself from others and avoids public places"; and "frequently avoid[s] social situations despite taking medication."[55] The second paragraph states that Plaintiff exhibited symptoms including "pressured speech," "racing thoughts daily" and "psychomotor agitation."[56] In noting these points, Plaintiff places particular reliance on the progress notes of Nurse Practitioner Menendez.

The ALJ, however, specifically reviewed NP Menendez's progress notes and found his opinion "generally persuasive."[57] As noted above, the ALJ recognized that Plaintiff demonstrated moderate impairments in the paragraph B criteria, including because of discomfort around others and in crowds and because of her a moderate limitation in concentrating, persisting, or maintaining pace.[58] The ALJ did not conclude, however, that any of these impairments were "marked" (i.e., "seriously limited the ability to function independently, appropriately, or effectively, and on a sustained basis"). And Plaintiff has provided no evidentiary support for her disagreement with the ALJ's determination as to medical equivalence.

---

[55] R. Doc. 15 at 2 (citing R. Doc. 9 at 486, 506, 502).
[56] *Id.* at 3 (citing R. Doc. 9 at 524, 566, 570, 574).
[57] R. Docs. 9 at 25, 16 at 9.
[58] R. Doc. 9 at 20–21.

12

**B.     This case does not implicate Plaintiff's challenge to Social Security Ruling 17-2p.**

Finally, Plaintiff argues that Social Security Ruling 17-2p contradicts 20 C.F.R. § 404.1526(e)(3) and fails under *Loper Bright Enterprises. v. Raimondo*, 603 U.S. 369 (2024). *See Soc. Sec. Ruling 17-2p; Titles II & XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence.* (S.S.A. Mar. 27, 2017) ("SSR 17-2p"). The ALJ neither cited nor relied on Ruling 17-2. Further, Plaintiff's argument as to Rule 17-2p is untethered from the facts of the instant case.

Plaintiff suggests that SSA's interpretation of Social Security Ruling 17-2p allows an ALJ to skip the step 3 analysis altogether. Yet, as explained above, the ALJ did not do so here. Plaintiff further suggests that the SSA's interpretation allows an ALJ to use the steps 4-5 analysis interchangeably with step 3. Here, however, the ALJ expressly acknowledged that each step involved a different analysis and did not conflate the two analyses.[59] Plaintiff also suggests (at least in her opening brief) that Social Security Ruling 17-2p allows an ALJ to transfer his or her authority to a medical expert.[60] As reflected by Plaintiff's reply, however, the ALJ in this case "rejected the agency experts' findings, as she assessed a greater degree of limitations in two of the four 'paragraph B' criteria" than the agency medical experts found.[61] In doing so, the ALJ made clear that she did not "defer or give any specific evidentiary

---

[59] The ALJ's reference to facts discussed in a later step does not suggest any confusion as to the appropriate legal inquiry for each step.
[60] R. Doc. 15 at 5–9.
[61] R. Doc. 20 at 3.

13

weight, including controlling weight," to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources.[62]  Thus, there was no abrogation of responsibility.

### III.  Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that the decision of the Administrative Law Judge be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 6th day of November, 2025.

                                                  **EVA J. DOSSIER**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[62] R. Doc. 9 at 25.