UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELICA BROOKSHIRE | CIVIL ACTION |
| VERSUS | NO. 24-2384 |
| SOCIAL SECURITY ADMINISTRATION | SECTION: "J"(3) |

## **ORDER**

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 21), and Petitioner's Objection (Rec. Doc. 22), hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

In the instant matter, Petitioner appeals the Administrative Law Judge's holding that Petitioner is not entitled to disability insurance benefits under Title II of the Social Security Act ("SSA"). Magistrate Judge Eva Dossier recommended that the decision of the Administrative Law Judge ("ALJ") be affirmed. In her Objection, Petitioner contends that the Magistrate Judge's findings are "clearly erroneous" because, according to Petitioner, "it is an uncontested fact that the ALJ failed to offer any analysis whatsoever of equivalence at Step 3 [of the five-step analysis required by 20 C.F.R. § 404.1520] and therefore, the Magistrate's findings are clearly refuted by the facts." (Rec. Doc. 22, at 2).

1

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation (Rec. Doc. 21) and the ALJ's Decision (Rec. Doc. 9, at 17–28), and the facts simply do not support Petitioner's assertions.

Petitioner's primary objection is that the ALJ "conducted no analysis of medical equivalence at Step 3" (Rec. Doc. 22, at 1) and therefore did not provide an adequate explanation for the ALJ's Decision. Instead, Petitioner claims that the ALJ "summarily dismissed" the issue of medical equivalence at step three of the analysis by saying, "The severity of the claimant's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, 12.11, and 12.15 . . . ." (Rec. Doc. 9, at 20).

However, the sentence contained in the ALJ's Decision which Petitioner cites was merely the first sentence in a section of step-three analysis that is almost two pages long, analysis that is focused solely on whether Petitioner's mental impairments, either singly or in combination, either met or *were the medical equivalent* of the criteria of the listings in Appendix 1. In fact, after including this sentence, the ALJ stated the rule for evaluating the severity of a claimant's impairments ("the mental impairments must result in one extreme limitation or two marked limitations in a broad area of functioning") and then proceeded to analyze the severity of Petitioner's impairments in the following five paragraphs. (Rec. Doc. 9, at 20–21).

This is precisely the analysis required to determine medical equivalence. 20 C.F.R. § 404.1526 ("Your impairment(s) is medically equivalent to a listed

2

impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment."); *see also Jones v. O'Malley*, 107 F.4th 489 (5th Cir. 2024) ("To demonstrate such equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.").

Here, the ALJ presented clear, detailed, and thorough analysis of the severity of Petitioner's impairments to reach the decision that Petitioner is not disabled under the SSA's definition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Objection **(Rec. Doc. 22)** is **OVERRULED**, and the Magistrate Judge's Report and Recommendation **(Rec. Doc. 21)** is **APPROVED** and **ADOPTED** as the Court's opinion.

New Orleans, Louisiana, this 21st day of November, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3